# Union Safe Deposit Bank of Pottsville to use, Appellant, *v.* Nichter.

*Practice, C. P.—Judgment—Opening judgment—Affidavit of defense—Supplemental affidavit of defense.*

1. Where the court makes an order allowing judgment to be entered for want of a sufficient affidavit of defense, but before judgment is actually entered, the defendant moves for permission to file a supplemental affidavit of defense, and thereafter judgment is entered, the court may open the judgment and permit a supplemental affidavit of defense to be filed.

*Bond—Bond of indemnity—Mortgage—Mortgage held as collateral—Interest.*

2. In an action on a bond of indemnity it appeared that the plaintiff, a bank, held a mortgage against certain real estate, and to protect itself bought in the real estate at a sale in bankruptcy. The sale discharged the lien of the mortgage. The defendants purchased the property from the plaintiff, and gave the bond in suit by which they agreed to protect the plaintiff from any loss which might result from the mortgage not being paid in full out of the proceeds of the sale upon distribution thereof. The bond stipulated for the payment of "the difference between the said mortgaged debt with interest on the same until the same is paid together with costs, and the amount awarded to said mortgage upon distribution." No actual distribution

or payment was made until two and one-half years after the sale. The plaintiff then received the full amount of the mortgaged debt, with interest thereon to the date of the sale. It then brought suit to recover interest from the date of the sale to the date of distribution. Defendant filed an affidavit of defense which averred that the mortgage was held by plaintiff as collateral security for a loan, that the plaintiff had been paid all interest on the loan by the debtor, and that it had not sustained any loss or damage by reason of the mortgage not having been paid in full with interest and costs. *Held*, that the affidavit of defense was sufficient to prevent judgment.

3. In such a case when the debtor paid the loan, including the interest for which the suit on the bond was brought, his obligation to the bank was met, and the assignment of the bond to the debtor by the plaintiff could not revive the obligation or impose a further liability upon the defendants.

Argued Feb. 16, 1909. Appeal, No. 367, Jan. T., 1908, by plaintiff, from order of C. P. Schuylkill Co., May T., 1908; No. 395, discharging rule for judgment for want of a sufficient affidavit of defense in case of Union Safe Deposit Bank of Pottsville, now to the use of Charles Meyers, v. J. H. Nichter, M. Mellet and P. J. Ferguson. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit upon a bond of indemnity. Before Marr, P. J. Rule for judgment for want of a sufficient affidavit of defense.

Rule to open judgment.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order discharging rule to open judgment.

*C. E. Berger*, with him *C. E. Breckons*, for appellant.— The words "mortgage debt," we contend, are comprehensive enough to include that which was due on the mortgage, including interest and costs, and not merely the principal of the mortgage, as held by the court: McCalla v. Ely, 64 Pa. 254: Terry's Est., 13 Phila. 298.

It was error to open the judgment: Mazet v. Pittsburg, 137 Pa. 548.

It will be noticed that the cases relied on by the defendants, viz.: Andrews v. Packing Co., 206 Pa. 370; Loeper v. Haas, 24 Pa. Superior Ct. 184; Slag Works v. Krause, 5 Pa. Superior Ct. 622, and Callan v. Lukens, 89 Pa. 134, arose upon rules for judgment for want of a sufficient affidavit of defense, and the supplemental affidavits must, therefore, have been allowed before judgment.

*James B. Reilly,* with him *D. J. Ferguson,* for appellees.— The day of sale is the time at which interest must cease, the property being then taken from the defendant and the liens, in contemplation of law, paid: Brownsville Deposit, etc., Bank's Appeal, 96 Pa. 347; Bachdell's Appeal, 56 Pa. 386.

The allowance of the supplemental affidavit was proper: Andrews v. Packing Co., 206 Pa. 370; Loeper v. Haas, 24 Pa. Superior Ct. 184.

An order making absolute a rule to open a judgment, or discharging it, will not be reversed when the lower court exercised a sound discretion. The discretion of the lower court is that of a chancellor in equity: La Roche Electric Works v. Emery, 173 Pa. 331; Pfaff v. Thomas, 3 Pa. Superior Ct. 419; Crawford v. Rath, 4 Pa. Superior Ct. 612; Stephan v. Hudock, 4 Pa. Superior Ct. 474; Renwick v. Richardson, 5 Pa. Superior Ct. 202; Heist v. Tobias, 182 Pa. 442; Hook v. White, 193 Pa. 397.

Opinion by Mr. Justice Mestrezat, March 29, 1909:

The learned judge was clearly right in opening the judgment entered June 29, 1908, and permitting the defendants to file the supplemental affidavit of defense. No judgment had been entered on the order of the court when the application was made for leave to file the supplemental affidavit and, therefore, the matter was within the power of the court, and the affidavit subsequently filed shows that the power was properly exercised.

The facts averred in the supplemental affidavit were sufficient to prevent a summary judgment. The Union Safe Deposit Bank, the legal plaintiff, purchased certain real estate

of the Miner's Brewing Company in Schuylkill County at the sale of a trustee in bankruptcy. The purchaser held a mortgage against the property the lien of which was discharged by the sale. The defendants purchased the property from the Union Safe Deposit Bank and in addition to the sum paid therefor "agreed to protect and indemnify the said Union Safe Deposit Bank from any loss which may result by reason of the said mortgage not being paid in full out of the proceeds of said sale upon distribution thereof." In pursuance of this agreement the defendants gave to the bank an indemnity bond the condition of which was that the defendants "shall indemnify and shall save and keep free the said Union Safe Deposit Bank from any loss or damage by reason of said mortgage, debt, interest and costs not being paid in full out of the proceeds of said sale upon distribution thereof by the Referee in Bankruptcy having jurisdiction of the same, or shall pay or caused to be paid to said Union Safe Deposit Bank the difference between the said mortgage debt with interest on the same until the same is paid, together with costs, and the amount awarded to said mortgage upon distribution as aforesaid." The bank was awarded by the referee in bankruptcy out of the proceeds of the sale of the bankrupt's property the debt in full of the mortgage, with interest thereon to October 14, 1905, the day of the sale.

This action of assumpsit was brought on the indemnity bond to recover $3,985.28, the interest due on the amount awarded the bank by the bankrupt court from October 14, 1905, the date of the award, to March 13, 1908, the date of the actual distribution and payment of the amount received by the bank. It is contended by the plaintiff that its claim is covered by the language of the condition of the indemnity bond and that the obligation was given for the express purpose of protecting it against the loss which it anticipated and which occurred by reason of the delay in the distribution of the proceeds of the sale of the bankrupt's property.

The supplemental affidavit sets up, inter alia, the defense that the mortgage was given as collateral security for a loan

made by the bank to Meyers, the use plaintiff, and was so held by the bank at the time of the sale of the bankrupt's real estate; that the bank has been paid all interest due it by Meyers on the loan for which the mortgage was held as collateral security; and that it "has not sustained or suffered any loss or damage by reason of said mortgage . . . . not being paid in full, with interest and costs lawfully due thereon, out of the proceeds of said sale, as stipulated in said bond."

This brief recital of the facts discloses a complete defense to the plaintiff's claim. If Meyers has paid the bank's claim in full, there is no ground whatever for its contention that it is entitled to recover on the bond the amount of its claim unpaid by the referee in bankruptcy because the bond provides that it shall be paid "the difference between the said mortgage debt with interest on the same until the same is paid, together with costs, and the amount awarded to said mortgage upon distribution." How this part of the obligation might be construed if standing alone and uncontrolled by the other parts of the obligation we need not determine. In ascertaining the liability of the defendants on the bond in suit, we must, however, interpret the instrument so as to effectuate the intention of the parties. We are, therefore, required to consider the whole instrument, including the recitals, in order to determine the extent of the condition of the bond. The bond itself clearly discloses its purpose and the extent of the liability imposed upon the obligors. We have given some of the recitals as a part of the facts of the case. The manifest purpose of the instrument was to protect the bank against loss on its mortgage, held as collateral security for a loan to Meyers. This is distinctly averred in the bond, wherein it is recited that the obligors "have agreed to protect and indemnify the said Union Safe Deposit Bank from any loss which may result by reason of the said mortgage not being paid in full out of the proceeds of said sale upon distribution thereof." The purpose of the condition of the bond was to provide against such loss, and not against a liability over and beyond it. The bank had no reason to impose a

greater liability on the obligors, and they clearly intended to assume no greater responsibility. The alternative clause of the condition of the bond, relied on to impose liability, was simply a different expression than the prior one, but it was intended for the same purpose, which was to protect the bank against loss on the Meyers claim secured by the mortgage. There can be no valid reason why this clause of the condition of the bond should impose a different obligation on the obligors than indemnity for loss sustained by the bank by reason of its failure to receive the full amount of the claim secured by the mortgage. The recitals in the bond disclose no liability or an intention to assume any other obligation than the protection of the bank against loss on its mortgage. On the other hand, the intention to afford such protection is clearly shown by the instrument itself.

We must accept the averments as verity, and they set up a complete defense to the action. The affidavit alleges that the mortgage was held as collateral security for a loan to Meyers. He was, therefore, the principal debtor of the bank and required to pay the amount of the loan. When he paid the loan, including the interest for which this suit was brought, his obligation to the bank was met and he was no longer its debtor. The debt having been satisfied in full, there was no longer any liability on the mortgage given as collateral security to secure its payment. When the Meyers' debt had been satisfied, the condition of the indemnity bond was complied with, and the liability of the obligors was at an end. The assignment of the bond to Meyers by the bank would not revive the obligation or impose a further liability upon the defendants. The obligation indemnified the Union Safe Deposit Bank and not Meyers against loss on the mortgage. Hence, when the claim for which the mortgage was held as collateral had been satisfied in full, the condition of the bond was complied with and the bank could not create a liability in favor of Meyers by assigning the bond to him.

The assignments of error are overruled and the order is affirmed.